**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Redland Holdings LLC, | No. CV-24-02845-PHX-KML |
| Plaintiffs, | **ORDER** |
| v. | |
| Dees Nuts LLC, et al., | |
| Defendants. | |

The original complaint was filed by Suntree Snack Foods LLC. That complaint alleged Suntree was an LLC "registered and entitled to do business in the State of Delaware" and defendant Dees Nuts LLC was "a corporation duly organized and existing pursuant to the law of the state of Florida." (Doc. 1 at 1.) Given the amount in controversy and the alleged diversity of citizenship, the complaint asserted the court had diversity jurisdiction.

The day after the complaint was filed, the court explained the jurisdictional allegations were insufficient because the citizenship of an LLC is determined by the citizenship of its members or owners and there were no allegations regarding the members or owners of either party. (Doc. 6.) The court ordered Suntree to file a supplemental disclosure regarding citizenship within one week. Suntree responded to that order by filing a "Diversity Disclosure Statement" that merely stated Suntree Snack Foods LLC was a citizen of Delaware while Dees Nuts LLC was a citizen of Florida. (Doc. 7.) The court issued a second order, again explaining that citizenship of an LLC is dependent on the

citizenship of its members. Suntree was ordered to file another supplement disclosing the members of each party and those members' citizenships. (Doc. 8.)

Instead of a supplement, Suntree filed a motion to amend its complaint. That motion stated counsel had been "advised that the Plaintiff's true corporate name is different than what was reflected in the original Complaint." (Doc. 10 at 1.) The motion requested Redland Holdings LLC replace Suntree as the plaintiff. The court granted the motion to amend. The amended complaint still did not include sufficient allegations regarding the citizenship of the new plaintiff, nor did it include sufficient allegations regarding the citizenship of Dees Nuts. And despite the court's order requiring a supplement identifying the parties' citizenships, no supplement was filed.

The court then issued its third order attempting to determine whether jurisdiction exists. That order directed Redland to file a supplement "setting forth its own citizenship as well as the citizenship of defendant." (Doc. 13.) The court warned that failure to establish jurisdiction might result in dismissal without prejudice. Redland filed a supplement stating it is a citizen of Delaware and New York based on the sole member of Redland being a Delaware corporation with its principal place of business in New York. As for Dees Nuts, the supplement stated Dees Nuts's "registered agent" is an individual with an address in Florida and "Florida does not disclose the identity of members or manager" of LLCs. (Doc. 14.) The court then issued its fourth order trying to elicit a meaningful response regarding the existence of federal jurisdiction.

The fourth order explained, again, how to determine the citizenship of a limited liability company and that Redland needed to at least make allegations regarding the citizenship of each member or owner of Dees Nuts. (Doc. 15.) The court ordered Redland to file another supplement and provided another warning that failure to establish jurisdiction would result in dismissal.

Redland's latest supplement states, in relevant part:

> Dee's Nuts, LLC is a Florida limited liability company. Dee's Nut's principal address is 7949 Atlantic Blvd., Suite 203, Jacksonville, FL 32211. Its managing member and registered agent is Brian A. Ditore. Mr. Ditore's address, as Dee's Nut's

registered agent, is 7949 Atlantic Blvd., Suite 203, Jacksonville FL 32211.

(Doc. 16 at 2.) This supplement does not indicate whether Brian A. Ditore is the sole member of Dees Nuts. As the court previously informed Redland, an LLC's citizenship is based on the citizenship of *all* its members. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The latest supplement also seems to provide Ditore's state of residence, not his citizenship. "[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Having failed for the fourth time to establish jurisdiction, the case is dismissed without prejudice for lack of jurisdiction.

**IT IS ORDERED** this case is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court shall close this case.

Dated this 5th day of December, 2024.

*[signature]*

Honorable Krissa M. Lanham
United States District Judge